# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KERRY DOTSON,

        Plaintiff,               Case Number: 2:18-cv-10529
                                               HON. NANCY G. EDMUNDS

v.

SHAWN BREWER, ET AL.,

        Defendants.
                                       /

## ORDER DISMISSING COMPLAINT AND DENYING PETITIONER'S APPLICATION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF COSTS AND MOTION REQUESTING APPOINTMENT OF UNITED STATES MARSHALS TO SERVE SUMMONS

## I.  Introduction

Michigan state prisoner Kerry Dotson has filed a *pro se* complaint under 42 U.S.C. § 1983, concerning an accident that occurred while he was incarcerated at the G. Robert Cotton Correction Facility in Jackson, Michigan.  He names three defendants, the warden of the Cotton Correctional Facility, and two maintenance worker.  Plaintiff claims that defendants were deliberately indifferent to his safety.  Plaintiff seeks monetary relief.  The complaint will be dismissed under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

## II.  Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as

"a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

The plaintiff paid the filing fee in this action, thus rendering inapplicable this Court's authority to screen such complaints for frivolity or maliciousness pursuant to 28 U.S.C. § 1915(e)(2). However, a review of a prisoner's civil rights complaint pursuant to 28 U.S.C. § 1915A is appropriate regardless of whether the prisoner has sought *in forma pauperis* status when the claim is brought against governmental entities, officers or employees. *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999). If a prisoner's complaint seeks relief from a governmental entity, officer, or employee, Congress has directed that the district court must dismiss it, or any part thereof, which (a) is frivolous, malicious, or fails to state a claim upon which relief can be granted, or (b) seeks monetary relief from a defendant who is immune from suit for monetary damages. 28 U.S.C. §

2

1915A; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## III. Discussion

Plaintiff alleges that, on February 10, 2016, while he was sleeping in his assigned bunk at the Cotton Correctional Facility, ceiling debris fell on his head, neck, and left shoulder. He was transported to the hospital for x-rays and treatment. Plaintiff states that he continues to suffer from headaches and neck and shoulder pain. Plaintiff alleges that the accident occurred when maintenance was being performed on the ceiling tiles above his bunk. He argues that maintenance workers and the warden were deliberately indifferent to his safety when they failed to clear the space under the work area prior to commencing the construction.

"[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation omitted) (internal quotation marks omitted). While there is no "static test" to determine whether the conditions of confinement violate the Eighth Amendment,

prison officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's health or deprive an inmate of basic human needs, food, medical care or sanitation. *Id.* at 346-47. A viable Eighth Amendment claim consists of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires a plaintiff to show that the deprivations to which he has been subjected deprived him of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347 (1981). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. *Farmer,* 511 U.S. at 834. Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* at 837. The deliberate indifference standard "describes a state of mind more blameworthy than negligence." *Id.* at 835.

Nothing in Plaintiff's complaint supports a finding that the incident, while unfortunate, was anything more than an accident. "An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unneccesary pain." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). To sustain an Eighth Amendment claim, Plaintiff must allege facts to support a finding that each of the defendants knew or should have known that the construction posed a substantial risk to Plaintiff's safety, but that they nevertheless proceeded. Plaintiff fails to do so. The complaint, therefore, fails to state a claim upon which relief may be granted and will be

dismissed.

## IV. Conclusion

Accordingly, IT IS ORDERED that the complaint is DISMISSED. Plaintiff's Application to Proceed Without Prepaying Fees or Costs (Dkt. # 2) and Motion Requesting Appointment of United States Marshals to Serve Summons and Complaint (Dkt. # 3) are DENIED AS MOOT.

The Court finds an appeal in this case would be frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Therefore, Plaintiff is not certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Nevertheless, should Plaintiff decide to file a notice of appeal, he may seek leave from the Court of Appeals to proceed on appeal *in forma pauperis*. *See* Fed. R. Civ. P. 24(a)(5).

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: March 15, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 15, 2018, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager